<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
VALERIE MUELLER,                                    :
                                                    :
      Plaintiff,                          :        Civil Action No. 06-4909 (SRC)
                                                    :
      v.                                  :        **OPINION**
                                                    :
MICHAEL J. ASTRUE,                                  :
COMMISSIONER OF SOCIAL                              :
SECURITY,                                           :
                                                    :
      Defendant.                          :
_____:

<u>**Chesler, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Valerie Mueller

("Mueller"), of the final decision of the Commissioner of Social Security ("Commissioner")

determining that she is not eligible for Social Security Disability Benefits under the Social

Security Act (the "Act").  This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and,

having considered the submissions of the parties without oral argument, pursuant to L. Civ. R.

9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby

**AFFIRMED**.

**I.  BACKGROUND**

The following facts are undisputed.  Mueller was born in 1962.  Her last work, prior to

her date last insured, was as a supermarket cashier, and she worked until she became pregnant in

1989.  On May 13, 2004, she filed an application for Social Security Disability Insurance

Benefits, alleging disability since January 1, 1989 due to back problems.  Plaintiff's claims were

denied by the Commissioner initially and on reconsideration.  Pursuant to Plaintiff's request, a

hearing was held before Administrative Law Judge Dennis O'Leary (the "ALJ") on March 13,

2006, who denied Plaintiff's claim in an unfavorable decision issued March 28, 2006.  After the

Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision

became final as the decision of the Commissioner of Social Security.  On October 13, 2006,

Plaintiff filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

A.    <u>Standard of Review</u>

_____This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C.

§ 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial

evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); <u>Stunkard v. Sec'y of Health and Human Services</u>,

841 F.2d 57, 59 (3d Cir. 1988); <u>Doak v. Heckler</u>, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co.</u>

<u>v. NLRB</u>, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of

evidence but may be less than a preponderance."  <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357,

360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then

determine whether there is substantial evidence to support the Commissioner's decision.  <u>See</u>

<u>Taybron v. Harris</u>, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder."  <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir.

1992), <u>cert. denied sub nom. Williams v. Shalala</u>, 507 U.S. 924 (1993) (citing <u>Early v. Heckler</u>,

743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial

evidence, this Court is bound by those findings, "even if [it] would have decided the factual

inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

     In determining whether there is substantial evidence to support the Commissioner's

decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses

and expert opinions of treating and examining physicians on subsidiary questions of fact; (3)

subjective evidence of pain testified to by the claimant and corroborated by family and neighbors;

(4) the claimant's educational background, work history and present age."  Blalock v.

Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that

supports a contrary conclusion does not undermine the Commissioner's decision so long as the

record provides substantial support for that decision."  Sassone v. Comm'r of Soc. Sec., 165 Fed.

Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.**     **Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. §

423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and

aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if

he is unable to "engage in substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  Disability is

predicated on whether a claimant's impairment is so severe that he "is not only unable to do his

3

previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

**C.   The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  (Id.)  An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing."  Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his past relevant work, he will not be found disabled under the Act.  In Burnett, the Third Circuit set forth the analysis at step four:

In step four, the ALJ must determine whether a claimant's residual functional

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

> capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P,

Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523.  However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision.  See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006).  Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format."  Id.

D.      The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act prior to March 31, 1994, her date last insured.  The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the relevant time period; 2) at step two, prior to the date last insured, Plaintiff's back disorder was "severe" within the meaning of the Regulations; 3) at step three, Plaintiff's impairment did not meet or equal an impairment in the Listings; and 4) at step four, the Plaintiff retained the residual

functional capacity to perform her past relevant work.  The ALJ concluded that Plaintiff was not

under a disability as defined in the Social Security Act.

     E.    <u>Plaintiff's Appeal</u>

     Plaintiff contends that the ALJ's decision should be reversed because: 1) the ALJ made a

factual error in finding that Plaintiff had been employed as a nanny in 1996 through 1998, and

this factual error produced an erroneous conclusion at step four; and 2) the ALJ failed to call on

the services of a medical advisor, as required by Social Security Ruling 83-20.  Although

Plaintiff, in her initial application for benefits, alleged that the onset of her disability was in

1989, on appeal, she contends that the date of onset is in 1994.  (Pl.'s Br. 16.)

     Plaintiff's first argument, regarding whether the evidence showed that she worked as a

nanny from 1996 to 1998, is either irrelevant or, at most, is harmless error.  The issue before the

ALJ was whether Plaintiff was disabled prior to her date last insured, March 31, 1994.  Although

the ALJ, in his step four analysis, did refer to Plaintiff's work as a nanny, he also performed the

necessary analysis with regard to Plaintiff's work as a cashier in 1989.  At step four, the ALJ

found that work as a cashier required a light exertional level and that, prior to the date last

insured, Plaintiff  retained the residual functional capacity to perform this work.  Plaintiff does

not dispute that work as a cashier requires a light exertional level, nor point to evidence that, in

1994, she lacked the residual functional capacity to perform that work.  Thus, even if the ALJ's

finding about the work as a nanny were entirely incorrect, the step four determination has an

independent and unchallenged basis.

     Plaintiff next contends that the ALJ failed to comply with SSR 83-20 by not calling on

the services of a medical advisor.  Plaintiff's arguments in support of the application of SSR 83-

20 are unpersuasive.  Plaintiff first offers this quote:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

SSR 83-20.  Plaintiff does not explain how this ruling is relevant to her situation.  Although Plaintiff contends that her back disease was a slowly progressive impairment that began in 1994, significantly, she does not contend that determining the onset date is difficult.  Rather, Plaintiff argues with certainty that the onset date is in early 1994.  Nor does she claim that the alleged onset is so far in the past that adequate medical records are not available, nor that it is impossible to obtain medical evidence from the period of onset.  The record shows that not only is it possible to obtain medical evidence regarding Plaintiff's condition at the time of alleged onset, but Plaintiff obtained that evidence, submitted it, and the ALJ considered it.  Thus, Plaintiff has not shown that these provisions of SSR 83-20, which deal with cases in which key medical evidence is impossible to obtain, are relevant to her.

> Plaintiff also offers this quote from SSR 83-20:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination . . . At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

This language makes clear that it does not apply to the instant case but, rather, to cases in which the onset date is alleged to be before the first recorded medical examination.  This is not a case in which it is necessary to infer whether the onset of Plaintiff's back problems occurred prior to the date of the first recorded medical examination.  The first recorded medical examination in Dr. Lanza's records occurred on October 21, 1986.  (Tr. 208.)  The records contain notes for doctor's

9

visits which occurred in 1986, 1987, 1990, 1991, 1993, and so on.  (Tr. 205-209.)  Plaintiff does not contend that she had any back problems prior to the date of the first recorded medical examination.  SSR 83-20 has no application to Plaintiff's situation.

Third Circuit law supports this conclusion.  In Newell v. Comm'r of Soc. Sec., the Court summarized the relevant principles of SSR 83-20 as follows: "In *Walton*, we held that the ALJ must call upon the services of a medical advisor in a situation where the alleged impairment was a slowly progressing one, the alleged onset date was far in the past, and adequate medical records for the most relevant period were not available."  347 F.3d 541, 549 n.7 (3d Cir. 2003) (citing Walton v. Halter, 243 F.3d 703, 709 (3d Cir. 2001)).  Plaintiff here does not even assert that adequate medical records for 1994 are unavailable.  Because the medical records for the most relevant period – early 1994 – are available and have been obtained, and because they appear to be adequate and Plaintiff has not argued to the contrary, the ALJ was not required to call upon the services of a medical advisor.

Here, unlike either Newell or Walton, Plaintiff did, in fact, provide medical evidence from the time of onset to support her claim.  The ALJ considered this evidence and was not persuaded that it showed that Plaintiff was disabled on that date.  In Newell and Walton, the absence of documentation contemporaneous with the claimed onset date made SSR 83-20 applicable, but that is not the situation in the instant case.

Not only are the cases distinguishable on the facts, but the underlying rationale in Newell and Walton does not apply here.  In those cases, the Third Circuit found that a retroactive inference about the onset date was necessary, and that this was a medical judgment that could only properly be made by a medical advisor.  Walton, 243 F.3d at 709.  In the instant matter, the ALJ made no improper medical judgments.  He weighed the medical evidence and properly acted

as a finder of fact.

In contending that the ALJ should have obtained a medical advisor to help infer the date of onset, Plaintiff appears to seek to shift the burden of proof of disability onto the Commissioner.  It is Plaintiff, however, who bears the burden of proof at steps one through four. Bowen, 482 U.S. at 146 n.5.  The ALJ evaluated the medical evidence that Plaintiff offered.  The records of Dr. Lanza show that Plaintiff received medical care from him on numerous occasions between 1986 and 2003.  (Tr. 199-213.)  The last recorded visit in 1993 was on September 30, 1993, and the records indicate that Plaintiff sought treatment for a cold.  (Tr. 209.)  The next recorded visit is on January 27, 1994, when Plaintiff complained of having "had right side ovarian pain for past six months" and the notes add: "(notes being on Depo Provera for past 6 months)."  (Tr. 207.)  The next recorded visit is on March 22, 1994, and states: "Pt. states that she is here to follow up.  Meds didn't help back so she stopped taking it.  Meds make her tired and nauseous.  Had pain since 1st son delivered 5 years ago." (Id.)  The records show no subsequent visits prior to the date last insured.

Plaintiff did not provide any additional medical records for the period at issue – the first three months of 1994 – prior to the date last insured.  The available records constitute substantial evidence supporting the ALJ's determination that Plaintiff was not disabled prior to her date last insured.  Plaintiff has clearly not carried her burden of proof.

This Court has reviewed the ALJ's decision and the record it is based on.  In a nutshell, the ALJ examined the medical evidence for the three-month period at issue and concluded that Plaintiff retained the residual functional capacity to perform work at a light exertional level. Plaintiff has pointed to no evidence that contradicts this conclusion.  The ALJ's decision was supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


Dated: July 26, 2007

                                            __ s/ Stanley R. Chesler _____
                                            STANLEY R. CHESLER, U.S.D.J.